

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MELISSA JO SULLIVAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-702-A |
| | § | (NO. 4:13-CR-100-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Melissa Jo Sullivan

("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  After having considered such motion, the

government's response[1], and pertinent parts of the record in Case

No. 4:13-CR-100-A, styled "United States of America v. Sellers et

al," the court has concluded that such motion should be denied.

I.

## Background

On August 9, 2013, movant entered a plea of guilty to

conspiracy to possess with intent to distribute methamphetamine.

CR Doc.[2] 112; CR Doc. 315 at 25. Movant's advisory guideline

---

[1] A September 21, 2015 court order gave movant the opportunity to reply to the government's response by November 2, 2015. Doc. 6.  On November 4, 2015 the court denied movant's motion for an extension of time, but allowed movant to file any reply she wished to make by November 9, 2015.  Doc. 10. To date no such reply has been filed. The "Doc. _" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-702-A.

[2] The "CR Doc. _" references are to the numbers assigned to the referenced documents on the

(continued...)

range was 324 to 405 months imprisonment, and on February 2,

2014, the court sentenced her to a term of 300 months'

imprisonment and four years of supervised release. CR Doc. 286;

CR. Doc. 287. The court sentenced movant below the statutory

guidelines to avoid unwarranted sentencing disparities among

defendants. CR. Doc. 287; CR Doc. 315 at 9-10. Movant appealed

her sentence and the sentence was affirmed. United States v.

Sullivan, 584 F. App'x 203 (5th Cir. 2014).

The government does not dispute that movant has timely filed

her motion under 28 U.S.C. § 2255. The pertinent facts are

adequately summarized by the government's response and will not

be repeated here.

II.

Grounds of the Motion

Movant asserts two grounds in support of her motion.

GROUND ONE: Movant's counsel was ineffective in failing to

investigate the amount of methamphetamine, times movant was in

the hospital and jail, and times co-defendants were in jail. Doc.

1 at 5.

---

[2](...continued)
docket of the underlying criminal case, No. 4:13-CR-100-A.

GROUND TWO: Movant's counsel was ineffective because he did not challenge the conspiracy.[3] Doc. 1 at 6.

III.

Analysis

A.   Pertinent Legal Principles

    1.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

---

[3] Movant does not state that this claim is an ineffective assistance of counsel claim, however, the court assumes that movant is contending that counsel did not raise this argument.

collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441

(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,

517-18 (5th Cir. 1978)).

     2.    <u>Legal Standard for Ineffective Assistance of Counsel</u>

     To prevail on an ineffective assistance of counsel claim,

movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see</u> <u>also</u>

<u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).

"[A] court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the

defendant as a result of the alleged deficiencies." <u>Strickland</u>,

466 U.S. at 697; <u>see</u> <u>also</u> <u>United States v. Stewart</u>, 207 F.3d 750,

751 (5th Cir. 2000). "The likelihood of a different result must

be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562

U.S. 86 (2011), and a movant must prove that counsel's errors "so

undermined the proper functioning of the adversarial process that

the trial cannot be relied on as having produced a just result."

<u>Cullen v. Pinholster</u>, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011)

(quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this

type of claim must be highly deferential and movant must overcome

a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  <u>Strickland</u>, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. <u>Premo v. Moore</u>, 562 U.S. 115, 122 (2011).

B.   <u>The Grounds of the Motion are Without Merit</u>

  1.   <u>Ground One</u>

The entire explanation of movant's first claim is that "[c]ounsel failed to [i]nvesitgate: 1) amount of methamphet[amine] 2) times I was in the Hospital and Tarrant Co. Jail and 3) [t]imes codefendants were in jail." Doc. 1 at 5. Movant provides no information to support this claim. Movant's claims are nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. <u>See</u> <u>Ross v. Estelle</u>, 694 F.2d 1008, 1012 (5th Cir. 1983). Merely stating her conclusion will not suffice to establish an ineffective assistance of counsel claim. <u>See</u> <u>United States v. Holmes</u>, 406 F.3d 337, 361 (5th Cir. 2005).

  2.   <u>Ground Two</u>

Movant's second ground is that there was a failure to challenge conspiracy. Doc. 1 at 6. The only explanation of this

claim is that "I didn't know any of the co-defendants except for Steven Short. My co-defendants cellphones were reviewed I was not on any of them." Doc. 1 at 6.

An ineffective assistance claim cannot be based on "an attorney's failure to raise a meritless argument." United States v. Kimbler, 167 F.3d 889, 893 (5th Cir. 1999) (citations omitted). Movant not only entered a plea of guilty, she signed a factual resume that stated she conspired with the individuals named in the criminal case. CR Doc. 112. At her rearraignment hearing, movant stated on record that prior to signing the factual resume she read, understood, and discussed the legal meaning of the document with counsel. CR Doc. 315 at 17-18. Movant also testified that the facts in the factual resume were true. CR Doc. 315 at 26. Thus, ample evidence existed to suggest that movant was part of the conspiracy.

Furthermore, movant has provided no evidence to suggest that counsel's performance was unreasonable in failing to challenge the conspiracy. See Strickland, 466 U.S. at 687. Neither has movant shown that counsel's failure to challenge the conspiracy would have changed the outcome of the proceeding. See id. As previously stated, movant cannot prevail on an ineffective assistance of counsel claim by merely stating conclusory allegations. See Ross, 694 F.2d at 1012.

IV.

<u>Order</u>

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in her

motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts, and 28 U.S.C.

§ 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED November 18, 2015.

_____
JOHN McBRYDE
United States District Judge